IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40091
Summary Calendar
_____


UNITED STATES OF AMERICA

             Plaintiff - Appellee

     v.

LOE'S HIGHPORT INC

             Defendant - Appellant

             ---------------------
      Appeal from the United States District Court
            for the Eastern District of Texas
                USDC No. 4:97-CR-71-4
             ---------------------
                 October 2, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Loe's Highport, Inc., (LHI) appeals the $4,000,000 fine it

received on remand after this court reversed three counts of

conviction for money laundering. See United States v. Loe, 248

F.3d 449, 454 (5th Cir.) cert. denied, 122 S. Ct. 397 (2001).

LHI argues that, although the amount of the fine was the same as

the original fine, it was a harsher sentence because it was

divided among fewer counts, and therefore, vindictive.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The Supreme Court held in <u>North Carolina v. Pearce</u>, 395 U.S. 711 (1969), that the Due Process Clause forbids the imposition of a more severe sentence upon resentencing after an appellate reversal because of the possibility of judicial vindictiveness. Under the "aggregate package" approach adopted by this court in <u>United States v. Campbell</u>, 106 F.3d 64, 66 (5th Cir. 1997), the fine LHI received on remand is not more severe than the original sentence, and therefore, is not vindictive. LHI's argument that this court should deviate from the "aggregate package" approach is without merit.

The sentence on remand is AFFIRMED.